Johnson J.
The evidence tendered by the plaintiff, and rejected by the Court, went directly to shew that, notwithstanding the recovery by Carter Estis against James C. M'Mullen, and notice to the plaintiff, of the pendency of that suit, and his having come in to defend it, the right of property in the mare and colt was in him, and not in Carter Estis. The identical question which had been tried and adjudged in the former case. According to Allen and Roundtree, decided May Term, 1832; and *Wilbourne v. Davis, during this term, that evidence was properly rejected, because it could have availed nothing.
The second ground has altogether mistaken the character of the defence. A discount, properly speaking, is of some cause, matter, or thing not necessarily arising out of, or connected with the cause of action. The defence here, is that the defendants are not liable, because the consideration of the note has *31 entirely failed, and such is the proof. The mare and colt, the consideration, was recovered from defendant, by title paramount to the plain tiff’s: it is, therefore, of a matter necessarily between the same parties;' in point of time, if that was material, co-existent with the cause of action ; and whether the defendant had satisfied Estis’ judgment or not, was wholly immaterial.
The defendants have not recovered the costs of the case of Estis against James C. M'Mullen, and, therefore, their right to recover them cannot arise here.

Motion dismissed,

O’Neall, J. concurred.
Harper, J. Absent.

Ante. 278